**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

RICHARD BURNS, on behalf of themselves and all others similarly situated, BORDEN DEANE, on behalf of themselves and all others similarly situated, LESLIE JACOBSON, on behalf of themselves and all others similarly situated, JOHN MCCLOSKEY, on behalf of themselves and all others similarly situated, LEOPOLD OUELLETTE, on behalf of themselves and all others similarly situated, and JOHN SARDINA, on behalf of themselves and all others similarly situated,

    Plaintiffs,

v.

LAWRENCE W. MAXWELL, CENTURY REALTY FUNDS, INC., MARK SCHREIBER, MX COMMUNICATION SERVICES, LLC, LAKE ASHTON DEVELOPMENT GROUP, LLC, LAKE ASHTON GOLF CLUB, LTD, CENTURY RESIDENTIAL, LLC, RONALD L. CLARK, CLARK, CAMPBELL & LANCASTER & MUNSON, PA, and LAWRENCE T. MAXWELL,

    Defendants.

Case No: 8:14-cv-2793-T-35TGW

## **ORDER**

**THIS CAUSE** comes before the Court for consideration of the Motion to Stay Class Certification Proceedings, or, in the Alternative, Motion for Leave to Conduct Class-Based Discovery (Dkt. 38) filed by Defendants.  Plaintiffs have failed to respond and the time

for doing so has long since passed. See M.D. Fla. Local Rule 3.01(b) (requiring response to motion within fourteen days).

In the motion Defendants seek a stay of class certification proceedings, including their response to the motion for class certification (Dkt. 33), pending the Court's resolution of the Defendants' Motion to Dismiss. Defendants argue such a stay is in the best interests of judicial economy and will preserve the parties' resources because the Motion to Dismiss is potentially dispositive. In the alternative, Defendants request that the "Court defer ruling on Plaintiffs' Motion for Certification and allow Defendants ninety (90) days in which to conduct class-based discovery and an additional twenty (20) days after the close of such discovery to respond to the Motion for Certification." (Dkt. 38 at 6)

The Court agrees that a stay is in order. Accordingly, Defendants' Motion to Stay (Dkt. 38) is **GRANTED**. Class certification proceedings, including Defendants' response(s) to the motion for class certification, are **STAYED** pending resolution of Defendants' Motion to Dismiss. As suggested by Defendants, if the Motion to Dismiss is denied or does not render the Motion for Certification moot, the deadline for Defendants to respond to the Motion for Certification and to file an answer and affirmative defenses or other appropriate pleadings in response to the Amended Complaint, is extended to twenty (20) days after entry of this Court's order on the Motion to Dismiss. Likewise, in

the event the motion to dismiss is denied and Defendants still desire class discovery, they should move for such relief at that time.

  **DONE** and **ORDERED** in Tampa, Florida, this 30th day of March, 2015.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person